### 40794. JONES v. WHARTON.
(316 SE2d 749)

CLARKE, Justice.

Jones is attacking the validity of his conviction and twelve-month sentence on a charge of misdemeanor theft by taking in the State Court of Thomas County. The superior court denied his petition for habeas corpus relief and we granted his application for certificate of probable cause to appeal; the issues involve the waiver of right to counsel, proceeding pro se in a misdemeanor trial, and waiver of trial by jury. After a consideration of the record we hold that the petition for habeas corpus must be granted.

On September 12, 1982, Jones was granted a parole from sentences being served on convictions for theft by taking and theft by receiving stolen property. He was later charged with theft by taking of property under $200, a misdemeanor. OCGA §§ 16-8-2, 16-8-12. Jones was accused of being one of several persons involved in the theft of ten to fifteen pounds of pecans.

Jones entered a plea of not guilty and was tried on December 6, 1982, before the court without the intervention of a jury. Jones did not have counsel at any stage of the proceedings. The judge found him guilty, and he was sentenced to twelve months in prison. In addition, the parole was revoked.

In his habeas petition and at the hearing below Jones stated that he had asked for a lawyer at the time of his arrest and at some point prior to trial. He also complained of denial of trial by jury along with certain other allegations of error. The solicitor of the state court who prosecuted the case testified that if anyone announced a request for jury trial he would place the case on the jury calendar. He also testified that he did not recall Jones asking for an attorney but stated that the practice of the judge was to appoint an attorney if one is requested and if the accused is found indigent.

The judge of the state court testified that he did not remember Jones requesting a jury trial or an attorney. He stated that his policy is to always grant a jury trial if the defendant requests one, and that if a defendant requests an attorney, his policy is to appoint one if the defendant is indigent.

There was no transcript made of the trial or pre-trial proceedings. The only record is an accusation to which Jones signed his plea of not guilty and on which the court entered its decision of guilty.

The habeas court found that Jones knew he had a right to counsel and right to a jury trial and further found that Jones did not request an attorney or a jury trial. He concluded that because these requests were not made by the petitioner, he had knowingly and voluntarily waived his rights to counsel and trial by jury.

When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972). As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver. Argersinger, supra.

The state contends that there was a knowing and voluntary waiver under the facts of this case. We cannot agree.

When the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver. *Blaylock v. Hopper*, 233 Ga. 504 (212 SE2d 339) (1975). While evidence of a customary procedure may be used to establish compliance with the constitution, *Jackson v. Hopper*, 243 Ga. 41 (252 SE2d 467) (1979), the testimony of standard practice here fails to establish waiver as required by Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1938).

Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. Brewer v. Williams, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977). Merely finding that a request for counsel was not made is insufficient to establish waiver. "[W]here the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." Carnley v. Cochran, 369 U. S. 506, 513 (82 SC 884, 8 LE2d 70) (1962). The procedures here were insufficient.

The state's position is that because Jones knew he had a right to counsel and did not request counsel, he waived his constitutional rights and has no cause to complain. However, since Jones pled not guilty and went to trial, the state must also prove that the decision to proceed pro se was made knowingly and intelligently. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). *Clarke* was decided prior to the trial in this case and the procedures required by *Clarke,* that the judge make a finding on the record that the accused has made an informed and knowledgeable choice to proceed pro se, were not fol-

lowed. Although *Clarke* involved a felony charge, the right to counsel (and therefore the corresponding right to self-representation) exists for all charges for which loss of liberty may be imposed. Argersinger, supra. We find no reason why the requirements set forth in *Clarke* should not apply in misdemeanor cases where the accused faces imprisonment.

Because we hold that there was no valid waiver of counsel in this case it is unnecessary to reach the remaining allegations of error. However, we also hold that where the accused is proceeding pro se, a valid waiver of right to trial by jury cannot be found on the sole ground that the defendant failed to request one. See Duncan v. Louisiana, 391 U. S. 145 (88 SC 1444, 20 LE2d 491) (1968). Johnson v. Zerbst, supra.

The judgment of the court below is reversed, the conviction and sentence vacated, and the case is remanded for further proceeding consistent with this holding.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 19, 1984.

*James C. Bonner, Jr.,* for appellant.
Michael Jones, *pro se.*
*Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.