A89A0924. McKINNEY v. THE STATE.
(383 SE2d 608)

SOGNIER, Judge.

Bernard T. McKinney was convicted of possession of cocaine with intent to distribute, possession of marijuana, and obstruction of officers, and he appeals.

1. Appellant first enumerates as error the sufficiency of the evidence to support his conviction. Construing the evidence adduced at trial to support the verdict, the record reveals that on June 30, 1988, appellant was in an area of Valdosta known for drug activity when he was spotted by Sheriff's Deputy Willie Richardson. Believing that his

department had certain legal papers to serve on appellant, Richardson summoned Deputies Hunter and Tisdale to help serve the papers upon appellant. As soon as appellant noticed Tisdale emerge from his vehicle and point in his direction he began to run, and Tisdale and Hunter gave chase on foot. Richardson and Tisdale testified they observed a brown paper bag in appellant's right hand while appellant was running, and that they observed appellant stuff the paper bag in some bushes along a canal. Richardson further testified he observed appellant pull a plastic bag out of his pocket and place it in some other bushes surrounding the canal.

After appellant was arrested, Richardson testified that he recovered the plastic bag without ever taking his eyes off it, and that it contained a substance later identified as "crack" cocaine. Tisdale testified he saw Special Agent Randall Kelley of the Lowndes/Valdosta Drug Unit recover the paper bag from the bushes at the same location at which he had seen appellant place it, and Kelley testified that the paper bag contained substances which were later identified as cocaine and marijuana and a quantity of empty plastic ziplock bags. Appellant denied having anything in his hand, possessing a plastic bag containing drugs, or disposing of anything in the bushes. He testified that he had fled when he saw the deputies only because he was on parole and was not supposed to be in the area.

Although appellant argues the testimony was in conflict, " '[i]t is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. (Cits.)' [Cit.]" *Anfield v. State*, 188 Ga. App. 345, 346 (1) (373 SE2d 51) (1988). The jury's verdict indicates they weighed the evidence and made credibility decisions unfavorable to appellant. It was in their province to do so, and we find the evidence at trial sufficient to support the convictions under the standards enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by refusing to give his requested charge regarding the admission of evidence of similar transactions. The charge requested, however, is not included in the record on appeal. "[Appellant] has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. [Cit.]" *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549) (1980). Accordingly, since we have not been provided with the text of the requested charge, we will not address this enumeration. See generally *Williams v. State*, 188 Ga. App. 496, 498-499 (3) (373 SE2d 281) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

8

*Coleman, Kitchens, Wolfson & Smith, Robert D. Cullifer*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.