## A90A1506. HUDSON v. THE STATE.
### (398 SE2d 779)

POPE, Judge.

Defendant Ronnie Hudson was charged with speeding, driving with no license and driving with .12 percent or more by weight of alcohol in his blood in violation of OCGA § 40-6-391 (a) (4). He entered guilty pleas to the speeding and no license charges and now appeals his conviction by a jury of the DUI offense. We affirm.

Although a transcript from the trial does not appear in the record on appeal, the following facts were stipulated: Officer Zinker of the Glynn County Police Department stopped defendant after radar indicated defendant to be traveling at 77 mph in an area where the posted speed limit was 50 mph. Defendant did not have his driver's license but the officer was able to identify defendant as the driver. The officer observed an empty beer bottle in the vehicle and noticed defendant's eyes were glassy and his speech was "stuttered and confused." Officer Zinker administered an alcosensor test at the scene, and then arrested defendant and transported him to the Glynn County Police Department. Defendant was advised of his Implied Consent Rights and an Intoximeter test was administered. Officer Zinker testified defendant initially registered .13 grams on the Intoximeter test. Approximately one hour later, a second test was administered and defendant registered .11 grams. Officer Zinker also testified as to his qualifications to administer the test.

The defendant presented expert testimony concerning the test results. Defendant's expert testified that a device on the Intoximeter used to filter out substances in the breath which would alter the results was not used when the test was administered to defendant. The expert further testified that the print-out sheet showing the test results which was admitted at trial showed a blood alcohol "value" of .13, and that while it was correct to indicate a "value" of .13, this value should not be considered a blood alcohol "concentration" because the filtering device was not used.

Defendant testified that on the day of his arrest he had been to

his sister's house for a cookout and he had consumed one beer before arriving there and three beers while at the cookout. Defendant's sister testified that defendant had stood next to the barbeque fire while some of the meal was being cooked and that she uses vinegar in her barbeque sauce. Defendant's expert testified that without the use of the filtering device the test results could have been affected by the vinegar in the barbeque sauce and that hydrocarbons (from the barbeque fire) on a person's clothes could produce a "false" reading on the test.

1. In his first two enumerations of error defendant challenges the sufficiency of the evidence and contends that the trial court should have granted his motion for directed verdict because the evidence adduced against him at trial failed to show a blood alcohol "concentration" of .12 or greater (specifically .13). We find no merit to this contention. The essence of defendant's argument on appeal is that the evidence he introduced at trial concerning the effect of extraneous factors on the test results stood unrebutted and thus the evidence was insufficient to convict him. We disagree. "The state laid a proper foundation for the introduction of the test results. . . . [Cits.] The defendant's challenge to the reliability of the test results . . . [did not demand that judgment be entered in his favor] but went merely to the weight to be placed on them by the jury." *Sanders v. State*, 176 Ga. App. 869, 869-870 (1) (338 SE2d 5) (1985). Consequently, although the evidence concerning the test results was not without conflict, we conclude it was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of the offense charged.

2. Defendant also enumerates as error the denial of his motion for mistrial made after the State argued to the jury that while defendant accurately stated in his argument that no law existed in this state which prohibited drinking and driving, "maybe there ought to be." Specifically defendant argues he was harmed by the statement because it may have misled the jurors or "lessen[ed]" their concern as to the proof necessary to convict defendant of the offense charged. We disagree. In the absence of a transcript of the proceedings below, we must assume the trial court correctly charged the jury that they would be authorized to convict the defendant only upon finding beyond a reasonable doubt that defendant was driving a motor vehicle with a .12 grams or more blood alcohol content. " '[Defendant] has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. (Cit.)' [Cit.]" *McKinney v. State*, 192 Ga. App. 6, 7 (2) (383 SE2d 608) (1989). This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

430

DECIDED OCTOBER 30, 1990.

*Lane, Tucker & Crowe, Robert L. Crowe*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.