A91A1577. KIRKLAND v. THE STATE.
(414 SE2d 502)

Sognier, Chief Judge.

Edward Greene Kirkland was convicted in a jury trial of two misdemeanor offenses, furnishing alcohol to minors and contributing to the delinquency of minors, and sentenced to 12 months probation. He appeals from the denial of his motion for new trial.

1. Appellant first contends the trial court erred by failing to appoint counsel for him at trial. The record reveals that upon finding

appellant to be indigent, the magistrate appointed counsel to represent appellant at the preliminary and committal hearings. However, after the case was bound over to superior court, no counsel was appointed for appellant for either arraignment or trial. The trial court did order an attorney to assist appellant during voir dire, but for the remainder of the trial he appeared pro se.

There is no trial transcript, but the record does include a transcript of the hearing on appellant's motion for new trial. Although appellant submitted an affidavit in which he stated that he had requested appointed counsel at arraignment, the trial judge stated during the motion hearing that he did not recall appellant raising at trial the issue of indigency or the rejection of his request for appointed counsel, and accordingly the judge "[could] only conclude that [appellant] decided that he would try the case himself. . . . [H]e acquiesced in the decision not to appoint counsel, and went forward with representing himself."

We do not agree with appellant that the trial court was required to find him indigent and appoint counsel for him, for the right to appointed counsel in a misdemeanor criminal case arises only when a defendant is actually sentenced to a term of imprisonment. *Scott v. Illinois*, 440 U. S. 367, 373-374 (99 SC 1158, 59 LE2d 383) (1979); see *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). However, given that the constitutional right to counsel attaches when a defendant is put on trial for any offense for which he *could* be sentenced to prison, *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984),[1] appellant was entitled to obtain paid counsel unless he knowingly and intelligently waived that right. See id. While the trial judge concluded that appellant waived his right to counsel and elected to proceed pro se, in the absence of a trial transcript the record is silent as to whether that waiver was knowing and voluntary. The *Jones* court held that "[w]hen the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver. [Cit.] . . . Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. [Cit.] Merely finding that a request for counsel was not made is insufficient to establish waiver." Id. In order to establish a valid waiver, a trial " 'judge must investigate as long and as thoroughly as the circumstances of the case before him demand. . . . To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of al-

---

[1] Appellant faced a potential sentence of one to five months for the charge of contributing to the delinquency of minors, OCGA § 16-12-1 (d) (1), and a possible sentence of up to 12 months for the offense of furnishing alcohol to minors. OCGA §§ 3-3-23 (a) (1); 3-3-23.1 (b) (1); 17-10-3 (a).

lowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. . . . (Cits.)' [Cits.]" *Butler v. State*, 198 Ga. App. 217, 220 (401 SE2d 43) (1990). Moreover, when the defendant pleads not guilty and proceeds to trial without benefit of counsel, the State must show the decision to proceed pro se was made knowingly and intelligently. *Jones*, supra.

The record sub judice is inadequate to show a knowing and voluntary waiver of the right to counsel. The State has not shown that investigation was made to determine whether appellant was aware of the possible defenses to the charges against him or any other fact essential to his understanding of the situation. See *Butler*, supra. Nor is there any evidence that he was warned of the dangers of proceeding pro se or that the trial court made a finding on the record that appellant validly chose to proceed pro se after receiving this admonition. See *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981); see also *Jones*, supra at 83-84. Accordingly, the judgment below must be reversed and the case remanded for further proceedings consistent with this opinion. *Jones*, supra at 84; see *Black v. State*, 194 Ga. App. 660 (1) (391 SE2d 432) (1990).

2. Because of our ruling in Division 1, we need not address appellant's remaining enumerations of error. *Jones*, supra.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*George P. Graves*, for appellant.

*C. Andrew Fuller*, District Attorney, *Raymond E. George, Mark W. Alexander, C. David Turk III*, Assistant District Attorneys, for appellee.