A95A1445. KEITH v. THE STATE.
(463 SE2d 51)

JOHNSON, Judge.

Hela Ann Keith was convicted of the misdemeanor offense of permitting another to unlawfully operate a vehicle. Keith appeals, arguing that the trial court erred in requiring her to try the case without her attorney present and without a jury when it did not obtain a knowing and voluntary waiver of either right.

1. In her brief, Keith states that when the case was called for trial, she informed the court that her attorney was not present but the court forced her to proceed unrepresented. The proceedings were not transcribed. The state argues that in the absence of a transcript, Keith has failed to meet her burden of showing error by the record. The state is correct that, generally, the burden is on the appellant to show error affirmatively by the record. See, e.g., *Hudson v. State*, 197 Ga. App. 428, 429 (2) (398 SE2d 779) (1990). However, as discussed below, a transcript is not always necessary to establish certain facts and the burden is not always on the appellant to prove error.

"[I]n instances where the transcript is unavailable and such facts as are necessary for disposition are stated in the brief, and the State concedes such statement is substantially correct, we are permitted to reach a decision upon the agreed upon facts." (Citation omitted.) *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980); see Court of Appeals Rule 27 (b) (1). The state acknowledges in its brief that Keith was unrepresented at trial. While we cannot accept Keith's statements as to what conversations took place below, we can accept the undisputed statement that she was unassisted by counsel at trial.

"When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver." (Citation and punctuation omitted.) *Jones v. State*, 212 Ga. App. 676, 678 (1) (442 SE2d 908) (1994). The right to

counsel exists for all charges for which loss of liberty *may* be imposed, including misdemeanor cases where the accused could be sentenced to prison. Id. Because Keith pled not guilty and went to trial without the benefit of counsel, the burden was on the state to show that her decision to proceed pro se was knowingly and intelligently made. *Kirkland v. State*, 202 Ga. App. 356, 358 (1) (414 SE2d 502) (1991). "[I]n the absence of a trial transcript the record is silent as to whether that waiver was knowing and voluntary. . . . [W]hen the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver." (Citation and punctuation omitted.) Id. at 357 (1). The record in this case is inadequate to show that Keith knowingly and voluntarily waived her right to counsel. See *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). Therefore, the judgment below must be reversed and the case remanded for further proceedings consistent with this opinion. *Kirkland*, supra at 358 (1).

2. The record affirmatively shows that Keith's trial was conducted before the court rather than a jury. The state argues that a statutory provision for the State Court of Clayton County specifies that all criminal cases will be tried by a judge unless a party demands a jury trial in writing at the time of pleading to the accusation. Ga. L. 1964, pp. 2032, 2037, as amended by Ga. L. 1979, pp. 3838, 3841. The state contends that this type of waiver of jury trial statute is constitutional, and cites as authority *Fleming v. State*, 139 Ga. App. 849 (229 SE2d 800) (1976). In that case, the statute required that a written jury demand be filed at the time the case is called for trial. We held that such a requirement was not unconstitutional where the statute fixes a reasonable time within which the demand must be made and the defendant was represented at the time the case was called for trial. Id. at 850 (1). Even assuming, without deciding, that the requirement of a written demand for jury trial at the time of the plea affords a defendant a reasonable amount of time within which to make the demand, we cannot conclude from the record before us that Keith's failure to file a written demand within the time prescribed amounted to a valid waiver. The record does not disclose whether Keith was represented by counsel at the time of her plea, which, under the statute, was the deadline for requesting a jury trial. As the Supreme Court stated in *Jones v. Wharton*, supra, "where the accused is proceeding pro se, a valid waiver of right to trial by jury cannot be found on the sole ground that the defendant failed to request one." Id. at 84. "[W]hen an appellant questions the purported waiver of his right, it is up to the State to show that the waiver was intelligently made with the accused's consent. The Supreme Court enunciated two post-trial methods by which the State could successfully carry its burden of proof: (1) by showing on the record that the de-

fendant was cognizant of the right being waived; or (2) by filing a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Citations and punctuation omitted.) *Cooper v. State*, 189 Ga. App. 286, 287 (2) (375 SE2d 505) (1988). On remand, the trial court is directed to make inquiry as to whether Keith waived her right to a jury trial, which inquiry must include the question of whether she was represented by counsel at the time of her plea.

*Judgment reversed and case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED OCTOBER 13, 1995.

*H. Darrell Greene & Associates, Patrick H. Head,* for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor,* for appellee.