A97A0440, A97A0441. COPELAND v. THE STATE (two cases).

(480 SE2d 623)

McMurray, Presiding Judge.

Defendant Copeland was convicted of leaving the scene of an accident in violation of OCGA § 40-6-270. In Case No. A97A0440, defendant appeals his conviction while in Case No. A97A0441, he appeals the denial of his motion for supersedeas bond pending appeal. Defendant has asserted that although he is not in custody there are continuing adverse consequences resulting from his conviction, particularly the revocation of his driver's license which would be stayed by the grant of a supersedeas bond. *Held*:

In his appeal from his conviction of leaving the scene of an accident, defendant has submitted enumerations of error which are predicated on factual assertions unsupported by the record. There is no transcript of the proceedings below. In his notice of appeal defendant indicated that although his trial was not reported he intended to submit a transcript prepared from recollection for approval by the trial court pursuant to OCGA § 5-6-41 (g). The record does contain a document signed by defendant's attorney and styled as a proposed transcript from recollection but as it has not been approved by the trial court we may take no notice of it or of the factual statements contained in defendant's brief which are unsupported by the record. Generally, such failure to show error via the record from the lower court is fatal to an appellant's contentions. *Wright v. State*, 215 Ga. App. 569 (2) (452 SE2d 118); *Hudson v. State*, 197 Ga. App. 428, 429 (2) (398 SE2d 779).

Nonetheless, an exception to the general rule has developed based on *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749), wherein the Supreme Court has held that in any case where an accused is placed on trial and faces imprisonment, a constitutional guarantee of right of counsel attaches, the waiver of which may not be presumed from a silent record. The procedure required under *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) was made applicable to misdemeanor cases, and the Supreme Court further held that where an accused is proceeding pro se, "a valid waiver of right to trial by jury cannot be found on the sole ground that defendant failed to request one." *Jones v. Wharton*, supra at 84.

Defendant enumerates as error the denial of his rights to counsel and trial by jury. Unsupported by any transcript, defendant states in his brief that he appeared in court, pleaded not guilty, and that the trial court immediately began receiving evidence in the trial without advising him of any of the rights he now maintains he was denied. The State maintains that the absence of a transcript requires that we assume the trial court's judgment is supported by the evidence. The same argument was made by the State in the similar case of *Keith v.*

*State*, 218 Ga. App. 729 (463 SE2d 51), but in that case the issue posed by the absence of the transcript was avoided because the prosecution conceded that Keith's statement of the facts in his brief to this Court was accurate.

In the case sub judice, the State in its brief "consents to nothing" contained in defendant's statement of facts. Whether this complies with Court of Appeals Rule 27 (b) (1) which requires that appellee "point out any material inaccuracy or incompleteness of statement in the appellant's brief" is doubtful. Is the State controverting defendant's statement of the facts? We need not seek an answer since a subsequent decision of this Court clearly rejects the argument posed by the State based on the absence of a transcript.

In *Keegan v. State*, 221 Ga. App. 487 (2) (472 SE2d 107), which coincidentally arises in the same trial court and involves an appeal from a conviction for the same offense as in the case sub judice, an allegation of a denial of the right to a jury trial was raised on a silent record. This Court held that when such a claim is raised by a criminal defendant, the State must show, either from the record or from appropriate extrinsic evidence, that the accused intelligently consented to the waiver. There, as in the case sub judice, the State did not meet this burden but relied on the failure of the record on appeal to affirmatively show error. Id. at 488.

As in *Keegan*, in view of the absence of a transcript and the failure of the State to satisfy its burden, we vacate the conviction and sentence and remand this matter for an evidentiary hearing to determine if defendant Copeland properly waived his right to counsel and right to trial by jury. If the trial court so determines, the conviction and sentence may be reinstated and be subject to appeal, if desired; if the court determines otherwise, Copeland will be entitled to a new trial. See also *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297).

Defendant's remaining enumerations of error either present nothing for review on appeal because unsupported by the record or are rendered moot by the preceding portions of this opinion. Nonetheless, we note the right of a misdemeanor defendant to bail and supersedeas bond pending appeal pursuant to OCGA §§ 17-6-1 (b) (1) and 5-6-45.

*Judgments vacated and cases remanded with direction. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 29, 1997.

*James S. Lewis*, for appellant.

*June D. Green, Interim Solicitor, Steven E. Rosenberg, Assistant Solicitor*, for appellee.