## S97A0676. LARRY v. HICKS.
### (491 SE2d 373)

HINES, Justice.

Raymond Larry pled guilty to aggravated assault, possession of a firearm during commission of a felony, and theft by receiving stolen property in December 1992. He filed a petition for writ of habeas corpus in November 1995, which was denied after a hearing, and we granted him a certificate of probable cause to appeal. The issue is whether at Larry's 1992 plea hearing he was advised that he had the right to an attorney.

The trial court, in reviewing the rights Larry would have *if he elected a jury trial,* stated "You would have the right to the assistance of an attorney throughout the trial. If you couldn't afford to employ one, I would appoint one to assist you. Do you understand those rights?" Larry stated he did understand. There was no other mention of the assistance of counsel. The habeas court relied upon this language in ruling that Larry clearly waived his right to counsel.

Waiver of the right to counsel must be knowingly and voluntarily made, even when a guilty plea is entered. *Boyd v. Dutton,* 405 U. S. 1, 2-3 (92 SC 759, 30 LE2d 755) (1972). The defendant must not only know of the right but it must be intentionally relinquished. *Jones v. Wharton,* 253 Ga. 82, 83 (316 SE2d 749) (1984); *Clarke v. Zant,* 247 Ga. 194, 196 (275 SE2d 49) (1981). The trial court has the responsibility to establish that the accused has intelligently waived his right to counsel, *Clarke,* supra, and that guilty pleas are voluntarily and intelligently made with the adequate advice of counsel. *Brady v. United States,* 397 U. S. 742, 758 (90 SC 1463, 25 LE2d 747) (1970); *Ward v. State,* 248 Ga. 60, 64 (3) (281 SE2d 503) (1981).

The transcript of the plea hearing fails to show that Larry knowingly and voluntarily waived his right to counsel. The State argues that although the transcript does not affirmatively show a valid waiver, other evidence in the record shows one. See *Bowers v. Moore,* 266 Ga. 893, 895 (1) (471 SE2d 869) (1996). It points to Larry's signature on the indictment, but acknowledges that this alone does not show a knowing and voluntary waiver, conceding that the form used is insufficient for that purpose. See *Payne v. State,* 217 Ga. App. 386, 387 (460 SE2d 297) (1995). The State also concedes that waiver is not established by the fact that Larry had been convicted of crimes on prior occasions and therefore may be familiar with his right to counsel. See *Williams v. State,* 221 Ga. App. 291, 293 (1) (470 SE2d 922)

(1996). Rather, the State contends that the combination of these circumstances shows a proper waiver. However, waiver is not shown by a silent record. *Warner v. Jones*, 241 Ga. 467, 468 (246 SE2d 320) (1978); *Copeland v. State*, 224 Ga. App. 402, 403 (480 SE2d 623) (1997). The mere fact that Larry has prior convictions says nothing about whether Larry was informed of his right to counsel in this instance, or even in the context of any other plea hearing. It therefore adds nothing to the signed form which the State admits is insufficient to show a proper waiver, and the combination of circumstances fails to establish a knowing and voluntary waiver of Larry's right to counsel.

We also reject the State's contention that the proper remedy is to remand for a determination of Larry's indigence and whether he was entitled to appointed counsel. This is not a case in which the defendant has been advised of his right to counsel and the remaining question is whether the court properly inquired about his eligibility for appointed counsel. Compare *Ward*, supra at 64-65 (3). As it is not shown that Larry was advised of his right to counsel in the first instance, the question of indigency did not arise. Without being advised of his right to counsel, as a matter of law Larry did not enter his plea knowingly, intelligently, and voluntarily, and he must be arraigned as though no plea had been entered. See *Stapp v. State*, 249 Ga. 289, 292-293 (2) (290 SE2d 439) (1982).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

Raymond Larry, *pro se.*

*Thurbert E. Baker, Attorney General, Wesley S. Horney, Beth Attaway, Assistant Attorneys General,* for appellee.