## A97A2105. WILSON v. THE STATE.
### (495 SE2d 330)

SMITH, Judge.

Donald Paul Wilson was indicted, tried, and convicted on one count of theft by taking. Judgment was entered on the verdict, and Wilson appeals, raising as one of his two enumerations of error the trial court's "not allowing [him] to have an attorney." Because the record is silent as to whether Wilson knowingly and voluntarily waived his right to counsel, we must reverse.

The only portion of the trial transcript before us on appeal is the transcript of the Uniform Superior Court Rule 31.3 similar transactions hearing. Wilson appeared pro se in that proceeding. Although it is not clear that Wilson was unrepresented for the remainder of the trial, we find no dispute by the State of Wilson's assertion that he continued to act pro se. The only pre-trial motion was a motion to dismiss. Both that motion and his notice of appeal were filed pro se.

The record is silent on several issues, especially whether Wilson requested counsel, whether the trial court advised him of his right to counsel, and whether his decision to proceed pro se was made knowingly and voluntarily. We therefore must reverse.

Here, as in *Kirkland v. State*, 202 Ga. App. 356, 357 (1) (414 SE2d 502) (1991), the record does not "show a knowing and voluntary waiver of the right to counsel. The State has not shown that investigation was made to determine whether appellant was aware of the possible defenses to the charges against him or any other fact essential to his understanding of the situation. [Cit.] Nor is there any evidence that he was warned of the dangers of proceeding pro se or that the trial court made a finding on the record that appellant validly chose to proceed pro se after receiving this admonition. [Cits.]" Id. at 358. Because Wilson raised the issue of his right to counsel, it became the State's burden to show the accused made an intelligent, consensual waiver. See *Keith v. State*, 218 Ga. App. 729, 730 (1) (463 SE2d 51) (1995). The State failed in this regard, and we are constrained to reverse and remand this case to the trial court for further proceedings consistent with this opinion, including but not limited to whether Wilson knowingly and voluntarily waived his right to counsel. See *Kirkland*; *Keith*, supra. See also *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981); *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749)

(1984). For purposes of this appeal, Wilson's remaining enumeration of error is rendered moot.

*Judgment reversed and remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 31, 1997.

Donald Paul Wilson, *pro se.*

*Paul L. Howard, Jr., District Attorney, Gwendolyn R. Keyes, Bettieanne C. Hart, Assistant District Attorneys*, for appellee.