A98A1545. DUNN v. THE STATE.
(507 SE2d 170)

SMITH, Judge.

Phillip Dunn was charged by accusation with one count of battery, OCGA § 16-5-23.1 (a), and two counts of simple battery, OCGA

§ 16-5-23 (a). He represented himself at trial; a jury acquitted him of battery but found him guilty on both counts of simple battery. His motion for new trial was denied, and he appeals pro se, enumerating four alleged errors. We find no error and affirm.

1. We first note that two of Dunn's enumerations of error cannot be considered because of Dunn's failure to follow the procedures for preparation of a transcript from recollection pursuant to OCGA § 5-6-41 (g), (i).

Under that Code section, when a trial is not reported, the parties may agree on a transcript from recollection. "In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable to recall what transpired, the judge shall enter an order stating that fact." OCGA § 5-6-41 (g). Alternatively, the parties may agree on a stipulation of the case approved by the trial court. OCGA § 5-6-41 (i). Dunn's attempts to prepare and file a unilateral account of the proceedings below do not conform to the requirements of this Code section. As this Court has already noted in ruling on Dunn's motion seeking to order the State to prepare a transcript, the trial court has no independent recollection of the trial, and no transcript is available.

"In the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's findings." (Citations and punctuation omitted.) *Cwiek v. State*, 220 Ga. App. 36 (1) (467 SE2d 608) (1996). We therefore cannot consider Dunn's assertion of the general grounds or his contention that the trial court failed to furnish him with the accusation and list of witnesses.

2. Relying on the provisions of OCGA § 17-4-41 (a), Dunn contends that the affidavit in support of his arrest was insufficient.[1] But that Code section requires only that the affidavit "shall include, as nearly as practicable, the following facts: (1) The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and (2) The county in which the offense was committed." The affidavit executed by the arresting officer states that Dunn "at 5:46 p.m. hours on the 27 day of Nov., 1996, at 2205 Redan Cove, DeKalb County, Ga., did commit the criminal offense of simple battery, for that defendant intentionally caused physical harm to [the named victim] by choking and hitting with fists." This affidavit satisfied the requirements of OCGA § 17-4-41 (a), and this enumeration of error is without merit.

---

[1] We note, as pointed out by the State, that under OCGA § 17-7-71 (a) an accusation need not be supported by an affidavit if the defendant has already been arrested, as in this case.

3. Finally, Dunn enumerates as error the denial of his rights to counsel and trial by jury, contending he was forced to trial without counsel. In the absence of a transcript or other "extrinsic evidence," we would ordinarily vacate the conviction and sentence and remand this matter for an evidentiary hearing to determine if Dunn waived his right to counsel. *Copeland v. State*, 224 Ga. App. 402, 403 (480 SE2d 623) (1997). But here the trial judge has already testified by affidavit in connection with the motion for preparation of a transcript. The trial judge, relying on his standard procedure for handling arraignments as well as notations he made on his arraignment and trial calendars, stated that Dunn was fully advised of his rights and that he waived counsel voluntarily and elected to proceed pro se. Based on this extrinsic evidence, "we find that the trial court made a finding that appellant validly chose to proceed pro se after he was made aware of his right to counsel and of the dangers of proceeding without counsel." *Graham v. State*, 172 Ga. App. 660, 661 (1) (324 SE2d 518) (1984).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1998 —
RECONSIDERATION DENIED OCTOBER 5, 1998 — 

Phillip Dunn, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Pilar Gigante, Assistant Solicitors*, for appellee.