## A01A2497. HIGHTOWER v. THE STATE.
### (557 SE2d 434)

ELDRIDGE, Judge.

A Fayette County jury found Allen Lane Hightower guilty of violating the terms of his probationary driver's license; DUI — less safe driver; DUI — excessive blood alcohol content; and no proof of insurance. Hightower appeals and claims in his sole enumeration of error that reversal is required because the record fails to show that he knowingly elected to represent himself at trial after being warned of the dangers of such choice. We must agree.

Whether a defendant is indigent or whether he can afford to retain counsel, his decision to proceed pro se must be accompanied by — if not an *understanding* of the dangers of such decision — at least the warning that self-representation entails certain risks inherent in an untrained layperson's attempt to perform in an arena that calls for years of specialized training.[1] Contrary to the implication in some appellate decisions, the warnings required to meet constitutional muster need not take any rigid form, and specific questions need not be asked on the record. Instead, "[t]he record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver."[2]

In this case, the only reference in the record to Hightower's decision to represent himself is the following colloquy — occurring at the *conclusion* of the State's case — between the trial court and Hightower, when Hightower asked for a continuance in order to get witnesses:

Court: No, sir. Today's the day of your trial.
Hightower: Okay. And I wasn't aware I was going to trial today.

---

[1] See *Parks v. McClung*, 271 Ga. 795, 798 (524 SE2d 718) (1999) ("inquiry is addressed to a defendant's understanding of courtroom procedure and his ability to conduct a defense").

[2] (Punctuation omitted.) *Jones v. State*, 272 Ga. 884, 885-886 (2) (536 SE2d 511) (2000).

Court: Mr. Hightower, you understand you were on a calendar, sir?

Hightower: Yes, sir.

Court: And this calendar was published — we had a week of trials last week, and we had a week of trials scheduled for this week, and everybody that's on that calendar is subject to being ready for trial. You understand that, don't you?

Hightower: Now I do. I didn't at the time.

Court: Well, you're representing yourself?

Hightower: I would like to have a court-appointed attorney or something.

Court: Sir, have you ever made application for a court-appointed attorney?

Hightower: I — I make — I make too much money.

Court: Well, we've been through that before.

Hightower: Yes, sir.

Court: And you were told to get an attorney. Are you going to represent yourself?

Hightower: Yes, sir.

It appears clear from the above that some type of discussion about hiring an attorney and self-representation occurred at another time. However, what this prior discussion entailed and its effect on Hightower's decision to represent himself at trial are absent from the record. The trial court in the instant case may well have had a lengthy and constitutionally adequate conversation with Hightower about the risks of self-representation. And Hightower may well have decided to represent himself despite the risks, rather than pay the money to hire an attorney. Moreover, if this prior conversation did indeed occur, it was not required to be on the record, although such would be "helpful in the appellate process."[3]

But when the precise substance of any such prior conversation is not before us, the record that *is* sent up for our consideration must reflect that a prior discussion encompassing the risks of self-representation did in fact occur, and that, despite the warnings given, the defendant knowingly decided to proceed pro se: "the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his

---

[3] *Holt v. State*, 244 Ga. App. 341, 343 (1) (535 SE2d 514) (2000). See *Dunn v. State*, 234 Ga. App. 623, 625 (3) (507 SE2d 170) (1998) ("extrinsic evidence" such as trial court's affidavit that defendant fully advised of dangers of self-representation and knowingly decided to proceed pro se is sufficient to establish waiver).

right to counsel and the dangers of proceeding without counsel."[4]

Here, on the basis of the record before us, we cannot say Hightower was warned of the dangers of proceeding pro se and nevertheless made a knowing choice to represent himself. Hightower's statement that he cannot qualify for appointed counsel because he "make[s] too much money," coupled with the trial court's reference that such conversational road has been traveled before, does not even begin to meet the State's burden to show that Hightower decided to proceed pro se after being warned of the risks attendant upon such choice. For the sake of credibility, if nothing else, the State would have been well advised to concede this point rather than attempt a one-page, completely unsubstantiated argument that Hightower "had been fully advised of his rights previously." "When the record is silent, waiver is never presumed[,] and the burden is on the [S]tate to present evidence of a valid waiver."[5] Such burden was not met in this case.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2001.

*William A. Fears*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.

---

[4] *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981).
[5] *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984); *Kirkland v. State*, 202 Ga. App. 356, 357-358 (414 SE2d 502) (1991).