A02A1056. McCANTS v. THE STATE.
A02A1057. BRYANT v. THE STATE.
A02A1058. GIBBS et al. v. THE STATE.
A02A1059. MITCHELL v. THE STATE.
A02A1060. FULLER v. THE STATE.
A02A1061. COOK et al. v. THE STATE.

(564 SE2d 532)

PHIPPS, Judge.

Uniform Traffic Citations filed in the State Court of Troup County charged numerous persons with the misdemeanor offense of drag racing. Each went to trial pro se and was convicted, sentenced to 12 months probation, and fined $750. In addition, each person's driver's license was suspended for 12 months. Eight drivers appeal their convictions in the above-styled cases.

They contend that their convictions should be reversed because the State has not shown that they knowingly and intelligently waived their right to counsel before deciding to proceed pro se. They also contend the trial court lacked jurisdiction over their cases by operation of the Traffic Violations Bureau Act (TVBA).[1] Finding merit in the former contention but not the latter, we vacate and remand for further proceedings.

The record in each case consists of nothing more than the uniform traffic citation which served as the accusation for each prosecution, a copy of each defendant's conviction and sentence, and a stipulation of facts signed by the prosecuting attorney at the behest of an attorney hired to represent the drivers on appeal.

---

[1] OCGA § 40-13-50 et seq.

1. The State argues that the drivers' waiver of counsel claim cannot be considered because there is neither a transcript of the proceedings nor any substitute.[2]

In *Copeland v. State*,[3] we acknowledged that the absence of a transcript generally results in an appellant's inability to show error through the record and is therefore fatal to his contentions. But we recognized that an exception to this general rule has developed based on *Jones v. Wharton*.[4] *Jones* holds that "in any case where an accused is placed on trial and faces imprisonment, a constitutional guarantee of right of counsel attaches, the waiver of which may not be presumed from a silent record."[5] Therefore, where a defendant with a constitutional right to counsel proceeds pro se, the State must show that he was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver of counsel.[6] In *Middleton v. State*,[7] we recently recognized the heavy burden placed on the State in this regard. The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence.[8]

Here, the State has made no showing of a valid waiver. Consequently, we must vacate these convictions and sentences and remand these cases for an evidentiary hearing to determine if each person properly waived his right to counsel.[9] "If the trial court so determines, the conviction[s] and sentence[s] may be reinstated and be subject to appeal, if desired; if the court determines otherwise, [the drivers] will be entitled to a new trial."[10]

2. The drivers base their jurisdictional claim on a statement in the parties' stipulation of facts to the effect that these cases were tried "in the Traffic Violations Bureau of the State Court of Troup County."

Through the TVBA, the General Assembly has authorized state courts having jurisdiction over the violation of traffic laws or ordinances to establish traffic violations bureaus.[11] These bureaus generally have jurisdiction over minor traffic offenses.[12] They thus lack jurisdiction over offenses for which a driver's license may be sus-

---

[2] See OCGA § 5-6-41 (g), (i).
[3] 224 Ga. App. 402 (480 SE2d 623) (1997).
[4] 253 Ga. 82 (316 SE2d 749) (1984).
[5] *Copeland*, supra, citing *Jones*, supra at 84.
[6] *Hightower v. State*, 252 Ga. App. 811 (557 SE2d 434) (2001).
[7] 254 Ga. App. 648 (1) (563 SE2d 543) (2002).
[8] *Dunn v. State*, 234 Ga. App. 623, 625 (3) (507 SE2d 170) (1998).
[9] *Copeland*, supra at 403.
[10] Id.
[11] OCGA § 40-13-50.
[12] See OCGA § 40-13-53.

pended.[13] Because a conviction of the misdemeanor offense with which defendants were charged, i.e., drag racing, automatically results in a 12-month suspension of one's driver's license,[14] the Traffic Violations Bureau of the State Court of Troup County could not have been given jurisdiction in these cases.

In fact, the parties' stipulation is the only indication in the record that the traffic violations bureau was involved in these cases. A traffic violations bureau is nothing more than an administrative arm of the court established for the purpose of receiving cash bonds posted by persons charged with traffic offenses under the bureau's jurisdiction. It is undisputed that the drivers were tried, convicted, and sentenced in court by a judge sitting by designation for the judge of the State Court of Troup County. That court had jurisdiction.

Cases such as *McDaniel v. Oliver*[15] allow a party to disavow a stipulation of fact if the stipulation was entered into as a result of fraud, duress, or mistake. The prosecuting attorney who signed the stipulation in these cases also represents the State on appeal, and he has stated in his appellate brief that he agreed to the stipulation under a mistaken belief as to its meaning. We find the mistake excusable and allow the disavowal.

*Judgments vacated and cases remanded. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 18, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellants.
*L. Jack Kirby, Solicitor-General, Julian A. Mack, Assistant Solicitor-General*, for appellee.

---

[13] OCGA § 40-13-53 (b) (1).
[14] OCGA § 40-6-186 (c).
[15] 172 Ga. App. 109, 110 (322 SE2d 1) (1984).