## A02A1583. HELMER v. THE STATE.

(569 SE2d 606)

BLACKBURN, Chief Judge.

Following a bench trial, Rachael Helmer appeals her conviction for speeding, contending that the record fails to show whether she knowingly elected to proceed pro se and that she did not knowingly and voluntarily waive her right to a jury trial. For the reasons set forth below, we are constrained to reverse Helmer's conviction.

The record in this case contains little more than the notice of appeal and the uniform traffic citations issued to Helmer. No transcript of the proceedings was prepared. In general, such an omission would prevent this Court from considering an appellant's assertions.

Nonetheless, an exception to the general rule has developed based on *Jones v. Wharton*,[1] wherein the Supreme Court has held that in any case where an accused is placed on trial and faces imprisonment, a constitutional guarantee of right of counsel attaches, the waiver of which may not be presumed from a silent record. The procedure required under *Clarke v. Zant*[2] was made applicable to misdemeanor cases, and the Supreme Court further held that where an accused is proceeding pro se, "a valid waiver of right to trial by jury cannot

---

[7] *Day v. State*, 242 Ga. App. 781, 782 (1) (531 SE2d 357) (2000).

[1] *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984).

[2] *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981).

be found on the sole ground that defendant failed to request one."

*Copeland v. State*.[3] Accordingly, even though Helmer has not provided this Court with a transcript, we may still address her enumerations.

> The trial court in the instant case may well have had a lengthy and constitutionally adequate conversation with [Helmer] about the risks of self-representation. And [Helmer] may well have decided to represent [herself] despite the risks, rather than pay the money to hire an attorney. Moreover, if this prior conversation did indeed occur, it was not required to be on the record, although such would be helpful in the appellate process. But when the precise substance of any such prior conversation is not before us, the record that *is* sent up for our consideration must reflect that a prior discussion encompassing the risks of self-representation did in fact occur, and that, despite the warnings given, the defendant knowingly decided to proceed pro se: the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of [her] right to counsel and the dangers of proceeding without counsel.

(Punctuation and footnote omitted.) *Hightower v. State*.[4]

As the appellate record now stands before us, we cannot say that Helmer was adequately warned of the dangers of proceeding pro se. "When the record is silent, waiver is never presumed[,] and the burden is on the [S]tate to present evidence of a valid waiver." *Jones*, supra at 83. The State failed to meet its burden in this case.

Although the State appended an affidavit from the trial judge to its brief averring that Helmer was fully informed of the dangers of proceeding pro se, the outcome here does not change because affidavits or exhibits attached to briefs are not evidence or considered part of the record. This Court could consider the subject affidavit only if it were a part of the record forwarded by the clerk of the trial court. See generally *Hixson v. Hickson*.[5]

Because the State failed to satisfy its burden in this case, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this holding.

---

[3] *Copeland v. State*, 224 Ga. App. 402 (480 SE2d 623) (1997).
[4] *Hightower v. State*, 252 Ga. App. 811, 812-813 (557 SE2d 434) (2001).
[5] *Hixson v. Hickson*, 236 Ga. App. 894, 896 (3) (512 SE2d 648) (1999).

*Judgment reversed and case remanded for new trial. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 25, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.
*L. Jack Kirby, Solicitor-General, Julianne W. Holliday, Assistant Solicitor-General*, for appellee.