## A03A0068. MAROT v. THE STATE.
### (576 SE2d 33)

BLACKBURN, Chief Judge.

Following a pro se bench trial, Susan Marot appeals her convictions for making an illegal left turn, having an expired tag, and running a stop sign.[1] On appeal, Marot contends that her convictions must be reversed because the record fails to show that she knowingly elected to proceed pro se and knowingly and voluntarily waived her right to a jury trial. In addition, Marot argues that certain fines levied against her were improper. For the reasons set forth below, we are constrained to reverse Marot's convictions and vacate the accompanying fines.

1. In *Jones v. Wharton*,[2] the Supreme Court held that a constitutional guarantee of the right to counsel attaches in any case where a defendant is placed on trial and faces imprisonment. The waiver of this right to counsel cannot be presumed from a silent record. Id. When waiver occurs, it must be made knowingly, intelligently, and voluntarily. See *Clarke v. Zant.*[3]

With regard to waiver,

> the State has the burden of showing from the record that the accused understood (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other

---

[7] *Kittles v. Kittles*, 187 Ga. App. 537, 538 (2) (370 SE2d 803) (1988).

[1] Marot entered nolo contendere pleas to making an illegal turn and having an expired tag. After a bench trial, the trial court found Marot guilty of running a stop sign.

[2] *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984).

[3] *Clarke v. Zant*, 247 Ga. 194, 195 (275 SE2d 49) (1981).

facts necessary for a broad understanding of the matter. Otherwise, there is no valid waiver. The trial judge must investigate as long and as thoroughly as the circumstances of the case demand to establish a valid waiver. If a valid waiver is not indicated by the record and the resulting error may have been harmful, we must reverse the judgment of the trial court.

(Citation omitted.) *Humphries v. State.*[4]

In this case, the transcript reveals that the trial court made no inquiry to determine whether Marot understood any of the factors listed above. And, there is no evidence that Marot was otherwise informed of her rights. Although the State contends that Marot signed a plea affidavit reciting waiver of counsel with regard to her nolo contendere pleas, no such executed affidavit is in the record. As there is nothing in the record which demonstrates that Marot waived assistance of counsel knowingly and voluntarily, the State has failed to meet its burden on appeal, and Marot's convictions must be reversed.

In addition, there is no evidence of record that Marot validly waived her right to a jury trial in this case, and the State has the burden of establishing this fact. "[A] valid waiver of right to trial by jury cannot be found on the sole ground that defendant failed to request one." (Punctuation omitted.) *Copeland v. State.*[5]

Accordingly, for all the reasons set forth above, Marot's convictions must be reversed.

2. In connection with Marot's convictions based on her nolo pleas, the trial court fined Marot initially and later enhanced both fines by $200 for failing to appear in court on a certain date. As the convictions on which these fines were based must be reversed, the fines, themselves, must be vacated.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 18, 2002.

*Jackie G. Patterson*, for appellant.
*Joseph J. Drolet, Solicitor-General*, for appellee.

---

[4] *Humphries v. State*, 255 Ga. App. 349, 351 (1) (565 SE2d 558) (2002).
[5] *Copeland v. State*, 224 Ga. App. 402 (480 SE2d 623) (1997).