## A04A0058. BOUNDS v. THE STATE.
### (591 SE2d 472)

PHIPPS, Judge.

A jury found Stephen Halsey Bounds guilty of felony obstruction of a law enforcement officer. On appeal, Bounds, who represented himself at trial, argues that the trial court should have granted his motion for directed verdict of acquittal and that the court erred by accepting his waiver of counsel. We reject his first contention, but we remand for the trial court to determine whether Bounds validly waived his right to counsel.

1. In a criminal case,

alleging error based upon a trial court's failure to grant a directed verdict of acquittal is tantamount to challenging the sufficiency of the evidence. Accordingly, we review the

---

[1] See *Jackson v. State*, 216 Ga. App. 842, 844-845 (2) (456 SE2d 229) (1995).
[2] *Coleman v. State*, 229 Ga. App. 642, 643-644 (494 SE2d 549) (1997).

denial of a motion for a directed verdict [of acquittal] under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As such, the defendant no longer enjoys a presumption of innocence and we view the evidence in the light most favorable to support the verdict.[1]

So viewed, the evidence at trial showed that Officers William Asencio and Brett Rainey of the Cobb County Police Department responded to a report of a domestic dispute between Bounds and his girlfriend at her house. After Bounds agreed to leave the house for the night, the officers waited for him to collect his belongings. Bounds's girlfriend complained that he was removing her property, including a television. Asencio told Bounds that he could take only items necessary for that evening, but Bounds said "fuck you" and continued walking into the house. Asencio put his hand on Bounds's shoulder, and Bounds whirled around, slapped away Asencio's hand, and grabbed Asencio's flashlight. The two men began struggling and fell to the ground, after which Rainey intervened and the officers handcuffed Bounds.

Under OCGA § 16-10-24 (b), the crime of felony obstruction occurs when a person "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer. . . ." The evidence was sufficient to permit the jury to conclude that Asencio was acting in the lawful discharge of his official duties by responding to a call to defuse a domestic disturbance and that Bounds obstructed him by ignoring his command to remove only essential personal items, slapping his hand, and grabbing his flashlight.[2] Although Bounds contends that Asencio was the aggressor and that he merely acted to defend himself, the jury was entitled to believe the officers' version of the events.[3]

2. Bounds claims that the trial court erred by accepting his waiver of counsel.

A criminal defendant may waive his constitutional right to counsel, but the waiver is valid only if it is made knowingly and voluntarily.[4] The trial judge must determine whether a defendant's waiver is valid, and the record must reflect the judge's finding and must show that the defendant was made aware of his right to counsel and the

---

[1] (Citations omitted.) *White v. State,* 238 Ga. App. 367-368 (1) (519 SE2d 13) (1999).
[2] See *Mai v. State,* 259 Ga. App. 471, 472-473 (1) (577 SE2d 288) (2003); *Duitsman v. State,* 212 Ga. App. 348 (441 SE2d 888) (1994).
[3] See *Scott v. State,* 227 Ga. App. 625, 627 (1) (490 SE2d 104) (1997) (evidence was sufficient to support obstruction conviction where jury "obviously reject[ed] appellant's version of what transpired") (citation and punctuation omitted).
[4] *Larry v. Hicks,* 268 Ga. 487 (491 SE2d 373) (1997).

dangers of proceeding without counsel.[5] The State bears the burden of proving from the record that the defendant was so informed.[6] "When the record is silent, waiver is never presumed. . . ."[7]

The record does not show that Bounds knowingly and voluntarily waived his right to counsel. On the form containing his plea of not guilty, the word "waived" appears in the space marked "Attorney for Defendant." There is no indication, however, that Bounds wrote the word or that he had any discussion with the trial court or anyone else concerning the charges against him and the dangers of proceeding pro se.

At the beginning of the trial, the following exchange occurred between the court and Bounds:

> [Q.] . . . Now, do you have a lawyer to represent you?
> [A.] No, sir.
> [Q.] All right, sir. You have been interviewed by the public defender's office here in Cobb County, have you?
> [A.] No, sir.
> [Q.] Did you not apply?
> [A.] No, sir.
> [Q.] Because you are financially able to hire a lawyer but you would prefer not to?
> [A.] I would be considered financially able under the guidelines from what I understand, but I do not have the money to be able to hire one, sir.
> [Q.] But you concede you do not meet the guidelines for poverty; is that right?
> [A.] That's correct.
> [Q.] All right, sir, well, now do you want a trial by jury or do you want a trial by the Court without a jury? It's up to you.
> [A.] Jury, sir.
> [Q.] A jury trial, all right, sir. You will have a seat over there in that — right here in this table. . . . Let them join issue, please.

Jury selection then began. This brief exchange did not establish that Bounds knowingly and voluntarily relinquished his right to counsel.

The state does not argue that the record shows a valid waiver. It claims, however, that Bounds failed to submit transcripts from other pretrial proceedings at which he was given the information necessary to make a valid waiver. But the state — not Bounds — has the bur-

---

[5] *Middleton v. State*, 254 Ga. App. 648 (1) (563 SE2d 543) (2002).

[6] Id. at 649.

[7] (Citation and punctuation omitted.) *Helmer v. State*, 256 Ga. App. 717, 718 (569 SE2d 606) (2002).

den of showing a valid waiver of counsel. Because the record before us fails to show a valid waiver, we vacate Bounds's conviction and sentence and remand the case for an evidentiary hearing to determine if he properly waived his right to counsel.[8]

*Judgment vacated and case remanded with direction. Smith, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 5, 2003.

*Thomas M. West,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Andrew J. Saliba, Assistant District Attorneys,* for appellee.

---

[8] See *Helmer,* supra; *McCants v. State,* 255 Ga. App. 133, 134 (1) (564 SE2d 532) (2002); *Copeland v. State,* 224 Ga. App. 402, 403 (480 SE2d 623) (1997).