## A04A0491. DEMPSEY v. THE STATE.
(600 SE2d 735)

BARNES, Judge.

Boyce Ladean Dempsey, pro se, appeals his jury conviction and subsequent 12-month probated sentence for the traffic misdemeanor of leaving the scene of an accident. Dempsey contends that he was forced to proceed to trial without benefit of counsel. For the reasons that follow, we reverse Dempsey's conviction.

The record before us is very sparse and does not contain a transcript of the proceedings below. Generally, absent a transcript, "[e]very presumption of legality will be made in favor of a judgment by a court of competent jurisdiction; and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding." (Citation and punctuation omitted.) *Spivey v. State*, 237 Ga. App. 626 (1) (516 SE2d 332) (1999). See also *Miller v. State*, 243 Ga. App. 764, 765 (2), (3) (533 SE2d 787) (2000).

However, an exception to that general rule has developed based upon the Supreme Court's decision in *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984), which held that when an accused faces a term of imprisonment, regardless of whether the charges are felony or misdemeanor, he is constitutionally guaranteed the right to counsel. Id. Further, while the accused may make a knowing and intelligent waiver of this right, we may not presume such a waiver from a silent record. Id. The evidence must be sufficient to show that the decision to proceed pro se was made knowingly and intelligently, and must reflect that the accused was

---

[7] See *Atlanta Classic Cars v. Chih Hung USA Auto Corp.*, 209 Ga. App. 908, 910 (2) (439 SE2d 498) (1993).

warned of the dangers of proceeding without counsel and the risks of self-representation and, despite such warnings, chose to proceed pro se. *Hightower v. State*, 252 Ga. App. 811, 812 (557 SE2d 434) (2001).

> The trial court in the instant case may well have had a lengthy and constitutionally adequate conversation with [Dempsey] about the risks of self-representation. And [Dempsey] may well have decided to represent himself despite the risks, rather than pay the money to hire an attorney. Moreover, if this prior conversation did indeed occur, it was not required to be on the record, although such would be helpful in the appellate process. But when the precise substance of any such prior conversation is not before us, the record that *is* sent up for our consideration must reflect that a prior discussion encompassing the risks of self-representation did in fact occur, and that, despite the warnings given, the defendant knowingly decided to proceed pro se: the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.

(Punctuation and footnote omitted; emphasis in original.) Id. at 812-813.

The State does not address the waiver issue, but merely argues that Dempsey failed to submit transcripts, and "cites the general grounds in response to this appeal." Because the State failed to satisfy its burden,[1] the conviction and sentence of the trial court is vacated, and Dempsey's case is remanded to the trial court for an evidentiary hearing to determine if he properly waived his right to counsel. See *Bounds v. State*, 264 Ga. App. 584, 586-587 (2) (591 SE2d 472) (2003). If the trial court determines that Dempsey made such a waiver, the conviction and sentence may be reinstated and be subject to appeal, if desired; if the court determines otherwise, Dempsey will be entitled to a new trial. See *Copeland v. State*, 224 Ga. App. 402, 403 (480 SE2d 623) (1997).

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Mikell, J., concur.*

---

[1] The State's one-half page brief did not even address Dempsey's argument. It simply responded that since no transcript was available it "cites the general grounds in response to this appeal."

DECIDED JUNE 3, 2004.

Boyce L. Dempsey, *pro se.*

Leigh E. Patterson, District Attorney, Harold W. Goldin, Jr., Assistant District Attorney, for appellee.