A97A1487. McQUEEN v. THE STATE.
(492 SE2d 720)

Judge Harold R. Banke.

Richard A. McQueen, after being tried without benefit of counsel, was convicted by a jury for the sale of cocaine and possession of cocaine. On the sale count, which involved .2 grams of cocaine "crumbs" sold to McQueen's co-defendant for $2, the trial court imposed a 25-year sentence. McQueen enumerates two errors which relate only to the illegal sale conviction. *Held*:

1. McQueen contends that the evidence was not sufficient to support his conviction for sale of cocaine. In light of the eyewitness testimony from three drug agents who claimed to observe a street corner drug transaction between McQueen and his co-defendant, his co-defendant's testimony that she bought $2 worth of cocaine crumbs from McQueen, and the actual recovery of the cocaine by police where it had been discarded, a rational trier of fact could have found McQueen guilty beyond a reasonable doubt of the crime of sale of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McQueen claims his constitutional right to counsel was violated when his application for a court-appointed attorney was denied. A person charged with a felony, like McQueen, has an unconditional and absolute constitutional right to a lawyer. *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992). " 'Waiver [of this right] will not be lightly presumed and a trial judge must indulge every reasonable presumption against waiver. . . .' " Id. Although McQueen never waived his right to counsel, his request for a court-appointed attorney was denied by the administrator of the Lowndes County Indigent Defense Program, Teresa Steinberg, who concluded McQueen was not indigent.

The Georgia Criminal Justice Act defines an "indigent person" as one "who is unable, without undue hardship, to employ the legal services of an attorney or to defray the necessary expenses of legal representation." OCGA § 17-12-2 (5). Under the uniform eligibility guidelines, qualification for court-appointed counsel is based on net income defined as "only a client's take-home pay, which is the gross income earned by a client minus those deductions required by law or as a condition of employment." Uniform Superior Court Rule 29.5. In addition, "a person who has sufficient assets that are easily converted to cash by sale or mortgage may not be qualified for representation." USCR 29.5. Here, the record is sparse as to how the determination was made that McQueen did not qualify for appointed legal assistance. The record does not include a standard application form for the appointment of counsel or a certificate of financial resources, such as that set forth in USCR 29.3. Nor does the record contain any order finding that McQueen was not indigent. See sample order in USCR 29.3.

The administrator of the indigent defense program testified at the new trial motion hearing that she had rejected McQueen's request for a court-appointed attorney because McQueen admitted to owning certain items of gold jewelry and his wife had an income of $500-$900 every two weeks.[1] According to Steinberg, neither McQueen nor his wife ever turned over any of the jewelry to her office. There is no evidence that McQueen had possession of or access to any of the jewelry. Nor does the record reflect the value of the jewelry or that it was easily convertible to cash.

The State's argument that McQueen and his wife comprised a "family unit" is unpersuasive inasmuch as the rule defines "family unit" as including a defendant and his spouse, "if living together" and here, McQueen was not living with his wife. USCR 29.5. It is undisputed that McQueen, the father of four children under the age of eighteen, had recently moved to Valdosta and was engaged in construction work while his wife continued to live in central Florida and to maintain a separate residence there. The State presented no authority for the proposition that a wife can be required to hire a defense attorney for her husband. We find that the record is insufficient to show that McQueen was not "indigent" within the meaning of OCGA § 17-12-2 (5) at the time of his trial. See *Stapp v. State*, 249 Ga. 289, 291 (1) (290 SE2d 439) (1982) (conviction reversed where court was not provided information enabling it to consider special circumstances which may have warranted appointed counsel).

---

[1] Less than five months after the conclusion of McQueen's trial, the same administrator determined that due to indigency McQueen was entitled to appellate counsel. We question what financial circumstances, if any, changed in the interim.

Moreover, a trial court has a duty to affirmatively exercise its discretion to appoint counsel for nonindigent defendants based on individual circumstances as authorized by USCR 29.4 and 29.5. *Flanagan v. State*, 218 Ga. App. 598, 599 (462 SE2d 469) (1995). See *Cottingham v. State*, 206 Ga. App. 197, 199 (3) (424 SE2d 794) (1992) (court abdicated its judicial responsibility by using mechanical sentencing formula). Thus, at a minimum, when McQueen appeared in court without counsel, it was incumbent upon the court to delay the proceedings long enough to ascertain whether McQueen acted with reasonable diligence in attempting to obtain an attorney's services and whether the absence of an attorney was attributable to reasons beyond his control. *Hasty v. State*, 210 Ga. App. 722, 724 (1) (437 SE2d 638) (1993); *Flanagan*, 218 Ga. App. at 599. See *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983) (nonindigent defendant's reasonable diligence in procuring counsel must be determined by trial court). Compare *State v. Smith*, 264 Ga. 634 (452 SE2d 90) (1994) (trial court need not make determination on the record of waiver where defendant is nonindigent yet unable to afford retained counsel).

The transcript reveals that the trial court failed to exercise its affirmative duty of determining on the record whether McQueen exercised reasonable diligence in attempting to retain trial counsel. See *Hasty*, 210 Ga. App. at 724 (1). The denial of McQueen's request for counsel appears to have been based solely on the fact that he did not satisfy certain indigency criteria of dubious applicability. Under these circumstances, we remand for a determination on the record as to whether the circumstances warranted appointment of trial counsel. *Flanagan*, 218 Ga. App. at 601; OCGA § 17-12-2 (5). If so, the trial court must order a new trial. *Woods v. State*, 223 Ga. App. 99, 102 (476 SE2d 865) (1996).

*Case remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 3, 1997.

*William D. Edwards*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.