## A99A1987. BEATTIE v. THE STATE.
(523 SE2d 389)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of aggravated assault and two counts of simple battery. These convictions are based on proof that defendant, on three occasions, physically assaulted the victim — his former female friend. After the admission of evidence at trial that at least one of these assaults was committed while defendant was in possession of a handgun, the trial court accepted defendant's guilty plea for possession of a firearm by a convicted felon. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court abused its discretion in denying his motion for continuance.

Although defendant was represented by a court-appointed attorney, defendant was permitted to address the trial court, pro se, just before trial and move for a continuance based on his alleged need to subpoena witnesses. The trial court denied this motion, but offered defendant a break so that he could contact any witness he preferred to call.

The trial court did not err in denying defendant's motion for continuance because defendant did not have the right to assert this motion on his own, without the consent of his attorney. A criminal defendant does not have the right to represent himself and also be represented by an attorney. *Maddox v. State*, 218 Ga. App. 320 (1), 321 (461 SE2d 286). Moreover, since defendant had been represented by an attorney for more than five months before trial, we find no error because, where witnesses have not been subpoenaed and other statutory requirements have not been met, it is not an abuse of discretion to refuse a postponement of trial to subpoena witnesses. *Halthon-Howard v. State*, 234 Ga. App. 229 (1), 230 (506 SE2d 415).

2. Defendant contends the trial court erred in denying his motion for new trial, arguing that his trial attorney provided him with ineffective assistance.

" 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result. In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The complaining defendant must make both showings.' (Citations and punctuation omitted.) *Richardson v. State*, 194 Ga. App. 358, 358-359 (390 SE2d 442) (1990)." *Jacobson v. State*, 201 Ga. App. 749, 752 (5) (412 SE2d 859) (1991); *Spivey v. State*, 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989).

*Moody v. State*, 206 Ga. App. 387, 388 (1) (425 SE2d 397).

(a) Defendant claims in the case sub judice that his trial attorney was ineffective because he did not subpoena a law enforcement officer to testify on his behalf at trial, because he did not file pre-trial discovery motions, and because he did not request any jury instructions. These assertions provide no basis for review because defendant has failed to argue on appeal or demonstrate by the record that any of the above omissions diminished his cause or changed the outcome of his trial. An ineffective assistance of counsel claim must not only be supported by a showing that trial counsel's performance was deficient, but must also be accompanied by a showing that the result of the trial would have been different but for the alleged deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674); see *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551); *Brown v. State*, 257 Ga. 277, 279 (2) (d) (357 SE2d 590).

(b) Defendant claims that his trial attorney ineffectively failed to call Cindy Long to refute the victim's testimony that he assaulted her with a handgun. Long was residing in the same house with the victim and defendant when defendant allegedly committed the assaults at issue in the case sub judice.

The decision as to which defense witnesses will be called is a matter of trial strategy and tactics and does not usually constitute ineffective assistance of counsel. See *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790). Although Long testified in the case sub judice that she never saw defendant assault the victim, defendant's trial attorney testified that but for defendant's last minute request (during trial) for him to call Long he would not have made an unsuccessful attempt during a break at trial to summon Long to testify at trial because, in his view, Long would not have been a credible wit-

ness. Defendant's trial attorney explained that he based this opinion on the fact that Long had been convicted of simple battery for assaulting the victim; that this conviction was based on an incident which occurred while the victim and defendant were residing in Long's home, and that Long had provided an inconsistent statement (apparently to police authorities) regarding her involvement with the victim. This testimony authorizes the trial court's finding that defendant's trial attorney did not provide defendant with ineffective assistance because of his decision not to subpoena Long as a defense witness. A trial court's findings on the effectiveness of counsel must be upheld unless it is shown that those findings are clearly erroneous. *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406).

(c) Defendant finally argues that his trial attorney ineffectively failed to object when the victim placed his character in issue by describing defendant's other acts of domestic violence against her — acts which were unrelated (in time) to the acts which constitute the crimes charged. Defendant also argues that his trial attorney should have objected to certain hearsay testimony which placed his character in issue. We do not agree. A decision on whether to object when a defendant's character is placed in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel. *Lowery v. State*, 212 Ga. App. 870, 872 (443 SE2d 304).

The trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 8, 1999.

*Turner & Willis, Christopher W. Willis*, for appellant.
*Lydia J. Sartain, District Attorney, Arturo Corso, Assistant District Attorney*, for appellee.