## A99A2071. RAINES v. THE STATE.
(531 SE2d 158)

POPE, Presiding Judge.

Bernard Lee Raines represented himself at trial and was convicted on one count of robbery by intimidation. He was sentenced to ten years. On appeal Raines asserts that he was denied his constitutional right to counsel.

On the day of his trial, Raines appeared without counsel and stated that he intended to defend himself. The trial court asked Raines why he had not gotten a lawyer. Raines replied that he could not afford one. He stated that he had talked to several lawyers, but they would not represent him. In response to the court's further inquiries, Raines repeatedly stated he could not get an attorney

---

because he did not have enough money to pay one.

The trial court then asked: "And to that extent, do you understand that you probably need a lawyer to represent you, you're charged with a very serious crime?" Raines responded by saying that he understood but after reading over the evidence he could defend himself. The state then asked the court to apprise him of the dangers of self-representation, and the court stated:

> More particularly, you don't know the procedure, you don't know the — you're not an expert in the law to be able to represent yourself, Mr. Raines; do you understand that? And you understand that consequently, you can end up, if you are found guilty going to jail?

Raines replied affirmatively, and the court found that Raines understood the dangers and chose to represent himself, stating: "He's aware of the dangers — that he can go to jail because he's not aware of the intricacies in representing — and the procedures." The court again asked Raines if he understood, and Raines responded affirmatively.

Then, after voir dire, but before the trial began, the trial court stated that "having your own lawyer is a very important constitutional right" before again asking Raines if he was waiving his right. Raines replied in the affirmative.

At the state's request, the trial court also adopted the finding of the county's indigent defense office that Raines was not indigent. And based upon the state's representation of the case history and a letter from counsel briefly employed by Raines, the trial court found that Raines had not acted diligently in seeking to obtain counsel.

1. Raines first asserts that the trial court erred in finding that he waived his right to counsel. We agree.

Because Raines was charged with a crime, in this case a felony, for which imprisonment is a penalty, he had a constitutional right to counsel, subject only to a voluntary and knowing waiver. *Heard v. State*, 236 Ga. App. 625, 626 (513 SE2d 35) (1999). And whether there was a voluntary and knowing waiver must be considered in light of the circumstances of the case:

> The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. [Cit.]

(Punctuation omitted.) *Coppolla v. State*, 238 Ga. App. 567, 573 (2) (519 SE2d 494) (1999).

When Raines appeared for trial without counsel, the trial court had the duty to ensure that Raines had been informed of the right to counsel and the dangers of proceeding pro se and further that he had made an informed waiver of his rights. *Coppolla v. State*, 238 Ga. App. at 573 (2). On appeal, the state has the burden of demonstrating from the record that Raines "received sufficient information and guidance from the trial court upon which to knowingly and intelligently relinquish this right." *Hamilton v. State*, 233 Ga. App. 463, 467 (1) (b) (504 SE2d 236) (1998). Although Georgia courts do not require that a trial court recite any "magic language," the record must reflect that the accused was made aware of the dangers of self-representation:

> To be valid, the waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.

(Citation omitted.) *McDowell v. State*, 239 Ga. App. 667, 669 (1) (522 SE2d 44) (1999).

In this instance, the trial court did little more than tell Raines that because he was unfamiliar with law and procedure, he ran the risk of going to jail if he chose to proceed without a lawyer.[1] We find the trial court's statements to be insufficient to inform Raines of the risks he faced in representing himself on a charge of robbery. Nothing in the record reflects that the trial court sought to determine that Raines was aware of any of the factors necessary to make a knowing waiver, including the nature of the charge (other than it was serious), any lesser included offenses, the potential punishment, or any possible defenses or mitigating circumstances.

Moreover, given Raines' repeated assertions that he could not afford an attorney, it is likely he chose to represent himself "because he believed he did not qualify for a court-appointed attorney and he could not afford to retain a private attorney." *Martin v. State*, 240 Ga. App. 246, 248 (1) (523 SE2d 84) (1999). See also *Flanagan v. State*, 218 Ga. App. 598, 600 (462 SE2d 469) (1995). Under these circumstances, we find that Raines did not make a knowing and voluntary waiver of his right to counsel. See *Hasty v. State*, 215 Ga. App. 155,

---

[1] The state did introduce a letter by Raines' former counsel, who withdrew from his representation less than a month after entering an appearance, stating that he had told Raines he "should not attempt to handle this matter without the aid of an attorney." While this letter indicates the attorney advised against proceeding pro se, it does not indicate that he informed Raines of the potential dangers he faced in doing so.

159 (2) (450 SE2d 278) (1994).

And even though the evidence against Raines was substantial, we cannot hold that the error was harmless. The record does not indicate that Raines had been through any prior legal proceedings, and the trial transcript reflects Raines' inexperience in legal matters. For example, he failed to ask any questions on voir dire; he raised no objections; and he failed to request any jury charges, including a charge that his failure to testify could not be used against him, even though the trial court had earlier informed him of his rights in that regard. Because we cannot conclude that Raines' conviction was "independent of his decision to represent himself," we reverse the judgment of the trial court below and remand for a new trial. *Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996).

2. We next address Raines' claim that the trial court erred in failing to conduct an inquiry as to his indigence and thus whether he was entitled to appointed counsel. While we are aware that a trial court's determination regarding a defendant's indigent status is not subject to review, we may inquire into whether the trial court followed the proper procedure in making that determination. *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996).

When Raines appeared at trial without counsel, the court was required to determine three issues on the record:

> (1) whether [he] was eligible to have appointed counsel represent him, and if not, (2) whether [he] exercised reasonable diligence in attempting to retain trial counsel and (3) whether the absence of trial counsel was attributable to reasons beyond [his] control. [Cits.]

*Martin v. State*, 240 Ga. App. at 248 (2). In this instance, the trial court simply adopted the findings of the county's indigent defense office that Raines was not indigent. But the record contains no evidence of how the county's indigent defense office arrived at that conclusion. Although the office apparently reported to the trial court on the issue, the record does not contain any transcript of that report or any written documentation addressing Raines' financial affairs.[2] From the record before us, therefore, it appears that the trial court improperly "delegated . . . [the] nondelegable duty to inquire about the facts of indigence." Id. See also *McQueen v. State*, 228 Ga. App. 732, 733 (2) (492 SE2d 720) (1997).

---

[2] The only evidence regarding Raines' financial situation was introduced at the hearing on his motion for new trial. His girlfriend testified that at the time of his trial he was receiving only a $426 monthly check from the Veterans Administration and that an unspecified portion of that check was automatically deducted for child support.

Accordingly, we direct the trial court to make a determination on the record as to whether he qualifies for appointed counsel in his new trial.

3. And even if Raines is not determined to be indigent, "it is incumbent upon the trial court to further determine on the record whether [he acted diligently] in attempting to obtain an attorney and whether [the absence] of an attorney [was attributable] to reasons beyond his control." *Martin v. State*, 240 Ga. App. at 251 (3). Under the Uniform Superior Court Rules, while a trial court does not have a duty to appoint counsel to a nonindigent defendant, it has the discretion to do so. USCR 29.4 and 29.5. Moreover, a trial court must affirmatively exercise its discretion based upon the individual circumstances of the case. *McQueen v. State*, 228 Ga. App. at 734 (2); *Flanagan v. State*, 218 Ga. App. at 600-601.

Raines asserts that the trial court failed to properly inquire as to whether he was diligent in seeking to employ counsel, but the record reflects that the trial court did make inquiry on that issue. The district attorney outlined for the court the history of the case and Raines' efforts to obtain counsel; Raines did not dispute the state's recitation. The inquiry should not end with the issue of diligence however; the trial court should also consider any other special circumstances of the case, including the fact that Raines suffers from glaucoma, which affects his sight and may impede his ability to represent himself. *Flanagan v. State*, 218 Ga. App. at 601. And in exercising its discretion on this issue, the trial court should bear in mind that it may order Raines to reimburse the county over time. Id.; see OCGA §§ 17-12-10 (c); 17-12-11.

*Judgment reversed and case remanded with direction. Smith and Miller, JJ., concur.*

DECIDED MARCH 13, 2000.

*George D. Bush*, for appellant.
*Daniel J. Craig, District Attorney, Nancy B. Johnson, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

