## A02A1697. DAVIS v. THE STATE.
### (571 SE2d 497)

ELDRIDGE, Judge.

A Coffee County jury convicted defendant Willie Davis of a single count of aggravated assault (OCGA § 16-5-21). He was sentenced to 20 years confinement, to serve 18 years and the remainder probated. The defendant appeals from the denial of his amended motion for new trial, contending that the superior court erred: (1) in allowing him to represent himself for want of a valid waiver of his right to counsel, and (2) in admitting photographs of the victim showing the extent of her injuries because the State failed to produce the photographs ten days before trial as required by OCGA § 17-16-4 (a) (3). These claims of error are without merit, and we affirm. *Held*:

1. Initially, the defendant was represented by a public defender. He thereafter filed numerous motions pro se, among them a motion seeking to represent himself. At the first of two hearings on the motions, the superior court granted the defendant's motion to proceed to trial pro se[1] after an inquiry wherein the defendant acknowledged that, in representing himself, he would face dangers as a non-lawyer because of his unfamiliarity with the rules of evidence and the rules of criminal procedure. The defendant also indicated that his request to proceed pro se was freely and voluntarily made; that he understood that he was entitled to court-appointed counsel; and that a decision to allow him to represent himself would be final. However, in ruling upon the defendant's motion to proceed pro se, the superior court ordered court-appointed counsel to "sit with [defendant] at the table . . ." through the remainder of the trial to provide him technical assistance as required.

After ascertaining that the defendant had not completed high school[2] at a further motions hearing conducted the day before trial, the superior court informed the defendant:

It appears to me that you will be at a great disadvantage if you try to represent yourself specifically with the recidivism

---

[1] On appeal, defendant is again represented by counsel originally appointed to represent him at trial.

[2] The defendant testified he had completed the eleventh grade in high school.

statute that's being used. And that from the motions that you have filed I also have a great concern that you understand the legal process at all. And you are entitled to a trial by jury and I want to make sure that you get the fairest trial I can give you and if you represent yourself I'm not sure you are not doing yourself a great disservice. But you need to know what the law is because I cannot tell you. I will not grant you any leniencies because you don't know. I'll have to treat you as any other lawyer and expect you to know the law as any other lawyer would know it.

The defendant was asked at this point if he wished to proceed pro se in light of the trial court's stated concerns and responded in the affirmative. The superior court persisted, asking the defendant if he wished court-appointed counsel to represent him. The defendant responded, "No, Sir." Further asked if he knew what the maximum permissible punishment was in his case, the defendant told the superior court: "Maximum of 20 years in Georgia Correctional Prison. Which under the State of Georgia law I would do ninety percent of that time because it's a violent offense if I was to be found guilty." On this, the superior court again found that defendant knowingly, voluntarily, and intelligently waived his right to counsel; confirmed that the defendant wished to proceed pro se; and once more ordered appointed counsel to remain with the defendant during trial to provide him procedural assistance as necessary.

Relying upon *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998), the defendant argues that the record does not demonstrate a valid waiver of the right to counsel because the trial court did not establish that he understood the "nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." (Citations, punctuation and emphasis omitted.) Id.; *Rutledge v. State*, 224 Ga. App. 666, 669-670 (3) (482 SE2d 403) (1997). Certainly, it would be helpful if the record showed inquiry into each of the foregoing matters; however, there is no requirement for the same. *Wayne v. State*, 269 Ga. 36, 38 (2) (495 SE2d 34) (1998). Rather, the record must show that "the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver. [Cits.]" Id. This the totality of the circumstances shows in that the superior court twice found it necessary to inquire into the defendant's decision to proceed pro se at trial.

While the defendant correctly claims that the superior court did not advise him of possible punishments at its initial motions hearing,

the record shows that defendant was well aware of the sentencing authority of the court and responded sua sponte to the superior court at its second hearing on the motions as to the maximum permissible punishment in his case. Under these circumstances, it was not incumbent on the superior court to advise the defendant of what he already knew. Defendant's claim that the superior court failed to advise him of the dangers of self-representation is unsupported in the record.

Finally, the superior court offered the defendant an opportunity to change his decision to proceed pro se at its second motions hearing. Defendant's claim that he waived counsel involuntarily because the court advised him that such a decision was irrevocable upon *originally* granting his motion to proceed pro se is moot.

Even assuming that the decision to allow the defendant to represent himself was error (and we have held that it was not), "such error was harmless [because] court-appointed counsel provided assistance regarding procedural matters during trial, so that the defendant did not stand trial alone with no assistance or protection of his rights." (Citations, punctuation and emphasis omitted.) *Hamilton v. State*, supra at 467-468 (1) (c). And as in *Rutledge*, the State's evidence that the defendant had beaten the victim's head with a two-by-four was overwhelming. Under these circumstances, we find that the State met its burden of proving a valid waiver in this case. *Rutledge v. State*, supra at 670-671 (3). Accordingly, the superior court did not err in finding that the defendant knowingly and voluntarily waived his right to counsel. See *Wilson v. State*, 230 Ga. App. 74 (495 SE2d 330) (1997) (on appeal, the burden of proof is on the State to show that the right to counsel was knowingly and voluntarily waived); see also *Cook v. State*, 227 Ga. App. 674, 676 (490 SE2d 181) (1997) (State's evidence showing knowing, voluntary waiver of right to counsel must be sufficient to overcome presumption against waiver).

2. Neither did the superior court err in admitting the photographs of the victim for the State's failure to produce them ten days before trial under OCGA § 17-16-4 (a) (3). "[I]f the State fails to comply with a defendant's discovery request, then the court may order the [S]tate to permit the discovery or inspection, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [S]tate from introducing the evidence not disclosed." (Punctuation omitted.) *Brown v. State*, 236 Ga. App. 478, 481 (3) (512 SE2d 369) (1999).

The record shows that defendant was not surprised by the photographs in issue, these having been provided to former counsel approximately one week before trial and to the defendant the day before. Neither did the defendant present any evidence of bad faith on the part of the State. Further, the record shows that the photographs were no more than cumulative of the testimony of the victim

to the effect that the defendant had beaten her in the head with a "stick," as well as the testimony of the other witnesses for the State. See *Caldwell v. State*, 263 Ga. 560, 564 (12) (436 SE2d 488) (1993), citing *Jefferson v. State*, 206 Ga. App. 544, 548-549 (5) (425 SE2d 915) (1992) (views of the extent of the injuries sustained by victim of alleged aggravated assault relevant at the trial of defendant notwithstanding claims that these might inflame or prejudice the jury).

In the absence of evidence showing prejudice to the defendant and bad faith by the State, the harsh sanction of excluding evidence improperly withheld from the defense under OCGA § 17-16-6 is not available. The defendant having failed to come forward with such evidence, the superior court did not abuse its discretion by admitting the complained-of photographs into evidence. See *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997) (on appeal, trial court's decision as to sanction or other corrective action under OCGA § 17-16-6 reviewed upon an abuse of discretion standard).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 19, 2002.

*John A. Rumker*, for appellant.
*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.