## A02A2199. MANNING v. THE STATE.
(581 SE2d 290)

ADAMS, Judge.

John Craig Manning appeals following his conviction on four counts of burglary and one count of vandalism to a place of worship. He asserts that the trial court erred in failing to adequately ascertain that his waiver of the right to counsel was knowing and voluntary and also erred in denying his request that his court-appointed lawyer assist him at trial while he represented himself pro se.

Manning had a constitutional right to counsel at trial, subject only to a knowing and voluntary waiver of that right. *Raines v. State*, 242 Ga. App. 727, 728 (1) (531 SE2d 158) (2000). The waiver of the right to counsel "is valid only if it is made with an understanding of (1) the nature of the charges, (2) any statutory lesser included offenses, (3) the range of allowable punishments for the charges, (4) possible defenses to the charges, (5) circumstances in mitigation thereof, and (6) all other facts essential to a broad understanding of the matter." (Footnote omitted.) *Middleton v. State*, 254 Ga. App. 648 (1) (563 SE2d 543) (2002). The state has the burden of demonstrating that the defendant received "sufficient information and guidance from the trial court" to make a knowing and intelligent waiver. *Hamilton v. State*, 233 Ga. App. 463, 467 (1) (b) (504 SE2d 236) (1998). But

it is not necessary for the trial court to review each of these factors with the defendant. "The record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." (Citation and punctuation omitted.) *Jones v. State*, 272 Ga. 884, 886 (2) (536 SE2d 511) (2000).

That determination of whether the defendant's waiver was knowing and voluntary depends upon the particular facts and circumstances in each case, including the defendant's background, experience, and conduct. *Coppolla v. State*, 238 Ga. App. 567, 573 (2) (519 SE2d 494) (1999). And the trial judge "must investigate as long and as thoroughly as the circumstances of the case before him demand" in order to make that determination. (Punctuation and footnote omitted.) *Middleton*, 254 Ga. App. at 648.

Applying these factors to this case, we find that the state has failed to prove that Manning made a knowing and voluntary waiver of his right to counsel. Although the record demonstrates that Manning was aware that he was facing considerable prison time and that he presented evidence in his own defense, there is nothing on the record to indicate that Manning had an understanding of all of the factors necessary to make an intelligent waiver. The trial court did not discuss the individual factors with Manning, but simply warned him it was "an unwise decision" and "extremely ill-advised." The court also advised him that he would be handicapped in his lack of knowledge of the rules of evidence, legal procedure, and the existence of potential defenses.

There is nothing in the record indicating that anyone ever discussed with Manning potential defenses, the possibility of any lesser included offenses, any mitigating circumstances, or the range of allowable punishments, especially in light of the state's intention to introduce evidence in aggravation of punishment. Moreover, although the trial court ascertained that Manning had previously served time in jail, there is nothing in the record to indicate whether he pled guilty or whether he was convicted by a jury. Thus, the prior jail time sheds no light on whether Manning had some familiarity with criminal procedure and trials, although the record showed that he had spent time in the prison library preparing for the trial. See *Middleton*, 254 Ga. App. at 649-650 (1).

And we cannot say that the failure to secure a knowing and voluntary waiver of the right to counsel was harmless beyond a reasonable doubt. See *Eiland v. State*, 246 Ga. 112, 116 (2) (268 SE2d 922) (1980). Although the evidence against him was substantial, the record reflects Manning may have lacked an adequate knowledge of trial procedure and evidentiary matters. For example, he failed to object or request clarifying instructions when one witness referenced

his prior jail time. Although some of Manning's cross-examination produced evidence that was helpful to his case, his questioning also elicited a motive for at least one of the burglaries, an inference that he was involved in a prior break-in, and evidence that he was abusive to his girlfriend. Moreover, we note that the trial court denied Manning's request that his appointed counsel sit with him during trial. Although the trial court was not required to grant this request,[1] we cannot rely upon the assistance of such counsel as ground for holding the error was harmless, as we have in other cases. See, e.g., *Davis v. State*, 257 Ga. App. 500, 502 (1) (571 SE2d 497) (2002).

Accordingly, we reverse the judgment of the trial court and remand for a new trial. See *Middleton*, 254 Ga. App. at 650-651 (reversal required even though state contended that the evidence of guilt was "strong"); *Raines*, 242 Ga. App. at 730 (1) (reversal required where, even though "substantial" evidence of guilt existed, transcript "reflects Raines' inexperience in legal matters"); *Braswell v. State*, 240 Ga. App. 510, 511 (1) (523 SE2d 904) (1999) (reversal required where transcript demonstrated that defendant's "efforts at defending herself were minimal and misguided," even though state's evidence was "strong").

*Judgment reversed. Ruffin, P. J., and Barnes, J., concur and concur specially.*

RUFFIN, Presiding Judge, concurring and concurring specially.

I concur with the result reached by the majority. However, I am compelled to write separately to address the mixed messages being sent to the bench and bar regarding the method for ascertaining whether a criminal defendant's waiver of his right to counsel was both knowing and voluntary.

As pointed out by the majority, there are factors that should be explained to a criminal defendant to ensure that he appreciates the risks involved in proceeding pro se: (1) the nature of the charges; (2) statutory lesser offenses; (3) the range of punishment; (4) possible defenses; (5) mitigating circumstances; and (6) any other essential factors.[2] After setting forth these factors that must be addressed, the majority goes on to state that a trial court does not need to review each factor. I find these positions inconsistent.

The majority cites *Jones v. State*,[3] a Supreme Court case, for the proposition that factors for waiver need not be applied mechanically.

---

[1] Cf. *Beattie v. State*, 240 Ga. App. 327 (1) (523 SE2d 389) (1999) ("A criminal defendant does not have the right to represent himself and also be represented by an attorney."); *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995).

[2] See *Middleton v. State*, 254 Ga. App. 648 (1) (563 SE2d 543) (2002).

[3] 272 Ga. 884, 885-886 (2) (536 SE2d 511) (2000).

While we are bound by decisions of the Supreme Court, I believe that requiring, as a minimum, that the trial court address each factor would benefit both bench and bar. As with a defendant's waiver of his right to trial, waiver of counsel should require a careful inquiry by the court.[4] And the best way to ensure that a defendant fully appreciates the right he has chosen to relinquish and that trial judges fully understand their duty in this regard, is to address each factor, individually, on the record. Indeed, had the appellate courts sent the proper message to the trial courts that such inquiry is mandated, those courts likely could avoid the time and expense of new trials.

I am authorized to state that Judge Barnes joins in this special concurrence.

DECIDED MARCH 11, 2003.

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

[4] See *Nichols v. State*, 253 Ga. App. 512-514 (1) (559 SE2d 538) (2002) (waiver of jury trial affirmed on appeal where record from plea hearing revealed a careful inquiry addressing fully the implication of such waiver).