## A09A0209. COOK v. THE STATE.
(678 SE2d 160)

SMITH, Presiding Judge.

After a bench trial, Cindi Cardle Cook was convicted of a parental notification law violation and interference with custody. Her amended motion for new trial was denied, and she appeals, asserting that she did not make a knowing, voluntary, and intelligent waiver of her right to counsel or her right to a jury trial. Because the State failed to meet its burden of proving that Cook knowingly and intelligently waived her right to counsel, we reverse.

Here, the record of pretrial and trial proceedings below is almost nonexistent.[1] The only transcript, with a cover sheet showing Cook as "pro se," is a brief exchange in which Cook stated that she was waiving a jury trial and requesting a bench trial and that she did not want the trial recorded.

The State initially argues that Cook has waived her claims because she failed to record the pretrial hearing or trial or provide a transcript through recollection. While this may be the general rule with regard to an appellant's duty to demonstrate error by the record, it does not apply in this case. The Georgia Supreme Court has held that, whether a charge is a felony or a misdemeanor, an accused facing a term of imprisonment is constitutionally guaranteed the right to counsel and must waive that right. *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). " 'When the record is silent, waiver is never presumed, and the burden is on the State to present evidence of a valid waiver.' [Cit.]" *Helmer v. State*, 256 Ga. App. 717, 718 (569 SE2d 606) (2002).

It is well established that Cook

had a constitutional right to counsel at trial, subject only to a knowing and voluntary waiver of that right. The waiver of the right to counsel is valid only if it is made with an understanding of (1) the nature of the charges, (2) any statutory lesser included offenses, (3) the range of allowable punishments for the charges, (4) possible defenses to the charges, (5) circumstances in mitigation thereof, and (6) all other facts essential to a broad understanding of the matter. The state has the burden of demonstrating that the defendant received sufficient information and guidance from the

---

[1] It does not appear from the record that Cook ever signed a pretrial waiver form, which may also provide some evidence of a valid waiver. See generally *Dellinger v. State*, 269 Ga. App. 878 (2) (a) (605 SE2d 632) (2004).

trial court to make a knowing and intelligent waiver.

(Citations and punctuation omitted.) *Manning v. State*, 260 Ga. App. 171 (581 SE2d 290) (2003).

> Although no particular questions are required as evidence of this waiver, the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver. The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence.

(Citations and punctuation omitted.) *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002).

The State did present some extrinsic evidence in the form of oral testimony at the hearing on the motion for new trial. An attorney representing the opposing parties in a related civil action filed against Cook testified that he was present in the courtroom when the trial court discussed the waiver of counsel with Cook. According to this witness, "[t]here were several times in my remembrance that the court actually addressed that and even to the extent of — of advising Ms. Cook that it's not a good idea to go forward without counsel." Counsel, however, was unable to recall many specifics of the questioning, other than whether Cook qualified for appointed counsel, her level of education, and whether she was under the influence of any drugs and was "competent to make a decision at that time." Beyond that, the witness could only state that he "would remember anything unusual" and that "there was nothing unusual asked."

While a trial judge need not question a defendant on each and every one of the six areas of questioning, the State still must demonstrate that the accused "was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver." (Citation and punctuation omitted.) *State v. Evans*, 285 Ga. 67, 68-69 (673 SE2d 243) (2009). This the State has failed to do.

No evidence was presented that Cook was "adequately informed of the nature of the charges against [her], the possible punishments [she] faced, the dangers of proceeding pro se, and other circumstances that might affect [her] ability to adequately represent [herself]." *Spears v. State*, 247 Ga. App. 626, 627 (545 SE2d 36) (2001). The witness at the hearing testified that Cook was told proceeding pro se was generally "not a good idea," but he did not testify that Cook was informed specifically of any of the dangers of self-representation, the nature of the charges against her, or possible punishments. And the absence of a trial transcript prevents any

consideration of whether the failure to obtain a knowing and voluntary waiver was harmless. Compare *Manning v. State*, supra, 260 Ga. App. at 172-173.

We therefore reverse and remand this case for a new trial. Cook "may choose to be represented by counsel or to waive her right to counsel and defend herself — after being made aware of the dangers of proceeding without counsel." (Citation and punctuation omitted.) *Barnes v. State*, 261 Ga. App. 112, 115 (581 SE2d 727) (2003). We note also that the bench and bar have been cautioned repeatedly that a record is often the only way for the details of a waiver to be preserved:

> [W]e believe that the best way to ensure that a defendant fully appreciates the right he has chosen to relinquish, and that trial judges fully understand their duty in this process, is for the trial court to address each factor, individually, and on the record. By so doing, a trial court can likely avoid the time and expense of another trial. [Cit.]

*Banks v. State*, 260 Ga. App. 515, 520 (2) (580 SE2d 308) (2003).

*Judgment reversed and case remanded. Phipps and Bernes, JJ., concur.*

DECIDED MAY 6, 2009.

*Annette L. Greene*, for appellant.
*Robert D. James, Solicitor-General, Matthew Ciccarelli, Assistant Solicitor-General*, for appellee.