**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 21, 2015**

# In the Court of Appeals of Georgia

A15A0084. BANKS v. THE STATE.

ANDREWS, Presiding Judge.

Following a bench trial at which Nakayla Banks proceeded pro se, the Probate Court of Newton County found Banks guilty of one count of possession of marijuana of less than an ounce (OCGA § 16-13-2 (b)) and not guilty of one count of possession of alcohol by a minor (OCGA § 3-3-23 (a)). Banks appealed to the Superior Court of Newton County, which affirmed the probate court's judgment. In Banks' appeal to this Court, she argues that the evidence was insufficient to support her conviction and that she did not knowingly and intelligently waive her rights to counsel and to a trial by jury. Because we conclude that the record is devoid of a knowing and intelligent waiver of Banks' right to counsel, we reverse and remand.

1. Under Georgia law, "whether a charge is a felony or a misdemeanor, an accused facing a term of imprisonment is constitutionally guaranteed the right to counsel and must waive that right." *Cook v. State*, 297 Ga. App. 701 (678 SE2d 160) (2009) (citing *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984)). See also *Barnes v. State*, 261 Ga. App. 112, 113 (581 SE2d 727) (2003). Such a waiver of counsel

> is valid only if it is made with an understanding of (1) the nature of the charges, (2) any statutory lesser included offenses, (3) the range of allowable punishments for the charges, (4) possible defenses to the charges, (5) circumstances in mitigation thereof, and (6) all other facts essential to a broad understanding of the matter.

Id. (citing *Manning v. State*, 260 Ga. App. 171 (581 SE2d 290) (2003)). "When the record is silent, waiver is never presumed, and the burden is on the State to present evidence of a valid waiver." Id. (citing *Helmer v. State*, 256 Ga. App. 717, 718 (569 SE2d 606) (2002)). The State may carry its burden "by showing a valid waiver through either a trial transcript or other extrinsic evidence[,]" including an appropriate pretrial waiver form. Id. at 702 (citing *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002)). See also *Tucci v. State*, 255 Ga. App. 474, 476 (1) (565 SE2d 831) (2002). However,

2

[i]n order for the State to use a pretrial waiver form to show that a defendant has intelligently elected to represent himself [at trial] after being advised of his right to counsel and the "dangers" of waiver, the form should outline those pertinent dangers: such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal. In other words, a proper waiver form should contain the warnings, themselves, not just conclusions.

*Tucci*, 255 Ga. App. at 476-477. See also *Barnes*, 261 Ga. App. at 114.

In this case, as now conceded by the State, the record before us does not support a knowing and intelligent waiver of Banks' right to counsel. First, the form Banks executed contained only conclusory statements concerning her rights rather than an explanation of the dangers of proceeding to trial pro se. See *Barnes*, 261 Ga. App. at 114; *Tucci*, 255 Ga. App. at 476-477. Likewise, the State elicited no testimony during Banks' hearing on her appeal from probate court to demonstrate a knowing and intelligent waiver, relying instead upon Banks' waiver form. Finally, although the parties included a purported audio recording of Banks' trial proceeding

in probate court,[1] no transcript has been supplied.[2] As a result, there is no evidence, extrinsic or otherwise, that Banks was "adequately informed of the nature of the charges against her, the possible punishments she faced, the dangers of proceeding pro se, and other circumstances that might affect her ability to adequately represent herself." *Cook*, 297 Ga. App. at 702.

Accordingly, we reverse and remand Banks' case for a new trial. Banks "may choose to be represented by counsel or to waive her right to counsel and defend herself - after being made aware of the dangers of proceeding without counsel." *Cook*, 297 Ga. App. at 703. See also *Barnes*, 261 Ga. App. at 114.

2. In view of our holding in Division 1 supra, we need not address the remainder of Banks' enumerations of error.

*Judgment reversed and case remanded with direction. Miller and Branch, JJ. concur.*

---

[1] In fact, the compact disc submitted by the parties contained no file which could be opened or examined by the Court.

[2] Similarly, Banks' arraignment was not recorded.